QUESTION: Is the City of Daytona Beach legally obligated for costs incurred by the hospital or a physician in furnishing medical care to persons incarcerated in the city detention facility in the absence of an agreement with the Halifax Hospital District, and, further, does the city's obligation depend upon whether the persons receiving treatment are indigent or nonindigent, or whether the treatment is for a serious illness or injury and is necessary during the period of confinement?
SUMMARY: A municipality is responsible for providing all necessary medical care to its municipal prisoners so long as they remain in custody and regardless of whether they are indigent or nonindigent. Although local detention facility rules (Ch. 10B-17, Florida Administrative Code) require treatment for "serious" or "substantial" injury or illness, caution should be exercised in allowing nonmedical detention facility personnel to decide whether a prisoner's request for medical attention is frivolous or is based on serious or substantial illness or injury. The opinions of this office have consistently held that the officer in charge of a county or municipal detention facility, and ultimately the county or municipality for which the officer in charge is acting, is charged with the responsibility to provide medical care to prisoners incarcerated in the local detention facility. This duty derives from s. 951.23, F. S., and the implementing Florida Administrative Code (F.A.C.) or rules of the Department of Offender Rehabilitation (formerly the Division of Corrections of the Department of Health and Rehabilitative Services). See Ch. 10B-17, F.A.C., formerly Ch. 10B-8, F.A.C. As to whether an individual is a municipal prisoner or a county prisoner for purposes of determining the entity responsible for providing medical care, the following definitions are provided in s. 951.23, F. S. Section 951.23(1)(b) defines county prisoner as "a person who is detained in a county detention facility by reason of being charged with or convicted of either felony or misdemeanor." (Emphasis supplied.) A municipal prisoner is defined by s.951.23(1)(d) as "a person who is detained in a municipal detention facility by reason of being charged with or convicted of violation of municipal law or ordinance." (Emphasis supplied.) In AGO's 072-346 and 075-47 I held that a municipal police officer who arrests a person for violation of a state law (felony or misdemeanor) is acting on behalf of the state and that a person so arrested by a municipal officer for violation of state law is constructively a county prisoner for whose medical care the sheriff is responsible. In AGO 075-35 I stated unequivocally that the duty to provide medical care applies with equal force to indigent and nonindigent prisoners. Also emphasized in AGO 075-35 were the points that the duty to provide medical care ends upon release of the prisoner from custody and that the duty is not affected by the fact that the illness or injury might have arisen before the prisoner was taken into custody. I have considered the special act creating the Halifax Hospital District, Ch. 11272, 1925, Laws of Florida, as amended by Ch. 13490, 1927, Laws of Florida, but I am of the opinion that the act's requirement that the hospital district provide free care to indigents does not affect or relieve the duty of a municipality or county to be responsible for providing medical care required by its prisoners. While it does appear that the hospital district would become responsible for an indigent prisoner upon release from custody, under the rationale of the previous opinions of this office the entity in charge of the local detention facility in which the prisoner is incarcerated is responsible for furnishing medical care so long as the prisoner remains in custody. I would also note that it has been established, in AGO's 059-148 and 075-47, that the transfer of a prisoner from the detention facility to a hospital for treatment does not remove the prisoner from custody of the sheriff or municipal police department. Similarly, AGO 075-47 established that a sheriff's or police department's duty to provide medical care is not precluded or delayed if a prisoner must be taken to a hospital directly upon arrest and before being taken to the detention facility for formal booking procedures. Finally, as to whether the city's duty to provide medical care depends upon "whether the treatment is for a serious illness or injury," I would refer you to the following sections of the local detention facility rules concerning medical care. In Ch. 10B17. 04(16), F.A.C., it is provided in pertinent part: "Prisoners that show or complain of substantial injuries or illness should be afforded the opportunity to be seen by a physician or another appropriate medical person unless the Officer-In-Charge determines it is not necessary." (Emphasis supplied.) Chapter 10B-17.07(1), F.A.C., provides in pertinent part that "[t]he Officer-In-Charge will make arrangements for appropriate physician and hospital care for prisoners." Chapter 10B-17.07(2), F.A.C., provides in pertinent part: "The Officer-In-Charge shall assure that each prisoner is observed on a regular basis and a physician called or treatment provided if there are indications of serious injury, wound or illness. The instructions of the physician shall be strictly carried out." (Emphasis supplied.) And in Ch. 10B-17.07(8), F.A.C., it is provided that "[t]he Officer-In-Charge will take action concerning mentally ill persons consistent with applicable Florida Statutes and/or court orders." It should be obvious that no clear or readily usable standard emerges from the above-quoted rules. Both "substantial" and "serious" are used to describe the degree of illness or injury which purportedly must exist before treatment or the summoning of a physician is required. Either of these modifiers could reasonably be subject to vastly differing interpretations on the part of either the prisoner or the officer in charge of the detention facility. In light of the recent proliferation of civil rights suits brought by prisoners demanding better medical care, food, recreation, etc., I must advise against your taking an overly strict approach to what constitutes serious or substantial illness or injury. Considerable caution should be exercised in allowing nonmedical personnel of the detention facility to decide that a prisoner's request for medical attention is frivolous.